Uh, next case is 19-1303 Pearson v Geico Casualty. Uh, appellant, would you make your appearance, please? Good morning, Your Honors. Joshua Fields of Kirtland and Packard for the plaintiffs and appellants Roger Pearson and Lonnie McRae. Please proceed, Mr Fields. Thank you. Your Honors, um, the appellants are here to demonstrate why they believe the court, uh, the court's dismissal sua sponte on summary judgment was not proper. There's a number of reasons appellants believe the decision should be reversed, each of which the appellants contend supports reversal. Um, as I believe the panel knows, all reasonable inferences should be resolved in favor of the party against whom summary judgment was granted. Um, and and particularly where there's a sua sponte grant to summary judgment. Um, the there's also the risk of prejudice where, uh, notice wasn't properly given, and appellants believe that's the fact here. Um, in terms of the legal issues, uh, the accord in satisfaction doctrine simply doesn't just not apply. It doesn't make sense here. Uh, under Colorado law, which is controlling here for there to be an accord in satisfaction, there has to be a meeting of the minds. What that means is the parties have to understand what it is that's been negotiated and what what it is that is being given up. If anything, in this case, you have a statute that requires mandates, um, certain vehicle fees to be paid by the insurer where there's a total vehicle loss. And in the situation of the appellants here, you have the negotiation on a first total total vehicle loss where they're not aware of the statute. Well, that's that's what I want to ask you. Don't you said a bit of beating of the minds? Let's say I offer to sell you my car, uh, and I sell it to you for $500. And I say it's as is, and it's lacking an engine. And there's an Oklahoma statute. Well, let's say you, uh, you like Judge Holmes and I live in Oklahoma, and you find that there's an Oklahoma statute that says and has a silly example. But in as is clause is not enforceable in Oklahoma law if there's a material defect in the vehicle, including but not limited to a vehicle that lacks an engine. Now that's a ignorance of law. There's a lot of enforceable agreements in which one party or maybe even both parties don't know about some of the legal intricacies. But what distinct wishes that you said this is just like any other contract, like any other contract. Ignorance of the law typically is not a defense that doesn't vitiate a meeting of the mind. So I'm having trouble understanding why it should vitiate this type of agreement in accordance satisfaction. Your Honor, it's a good question, and I think in the insurance context, we have to take that into account. The insurer has a duty of good faith and fair dealing. They have to inform the insurance of the scope of their insurance coverage. And I I think if you look at this statute, there is no way that it could be complied with unless the insurer asks for title, actual title and registration information from the insured Geico admitted that they don't do that. They pick an arbitrary number, which in the plaintiff's situation was low and pay it with with a stamp of this is the state and regulatory fees we owe you, and it includes any applicable fees. So I think in the context of an insurance claim, a total vehicle loss claim, particularly where the statutory mandate is bundled into a total loss claim with a larger property property damage payment that I think I think the insured whether they need to say there's this statute that says X or not, I think they need to ask the insured for the information and say to adjust this claim. We need the actual title and registration information that you incurred when registering the vehicle. And I think and I think that would, uh, that plays against the point that it's okay for someone to not have knowledge when entering into a contract. Um, there isn't a contractual agreement here. There's there's a payment and a deposit. Um, but but I think it's it's distinguished from the example you gave in those ways. I think it is also important to point out that the course of conduct here by the insurer makes an insurer believe insured believe that they're getting a sufficient payment and that there's there's compliance with the Colorado's insurance law. Well, let me ask you about that. Uh, so where was Pearson misled into thinking that his actual registration and title expenses that he had actually incurred were reimbursed by Geico? There's no evidence of that in the record, and it would be obvious that they weren't because of your earlier point that they weren't even asked for what those expenses were. That's correct. And so it really boils down to whether or not an implied covenant of good faith and fair dealing would vitiate an important satisfaction. If you know, back to your original explanation of of why there would be, uh, ignorance of the law, and that would somehow vitiate an important satisfaction based on what you just said. That's that's where the decision has to be made, right? I think that that's that's a part of it. I think the accordance satisfaction doctrine also requires and and there's obviously language in cases spanning back a little bit, and some say something more along the lines of what the defendant contends. But there have to be acts or language by the parties releasing the obligation under this statute. The guy didn't say anything that would suggest one way or another that they had complied with the statute. I'm sorry. Can can you repeat that? I mean, I know you're one of your core points is that Pearson did not know the statute, at least for the total loss reimbursement on the first vehicle, and probably you would argue for the second vehicle. But my question is, did Geico ever affirmatively say anything in their correspondence or otherwise that would have suggested to Pearson that they had complied with all of the statutory obligations? I don't. I don't remember an explicit reference to that. Well, for example, the phrase any applicable fees are I wasn't really exactly sure what you were making that argument to be. I didn't know if you were, for example, arguing that that was somehow an implication that any applicable fees encompass any  saying something else, and it's something else. What exactly is the point of that? No, Your Honor, I do believe you hit on the point. I think when an insurer says has a line item in their breakdown that says state and regulatory fees and then sends the insured a letter saying this payment includes any applicable fees. This statute. I mean, this statute includes mandatory fees that must be paid. So I think that absolutely go ahead. I'm sorry. I think that statement absolutely indicates to the insurance that they're being that they're being paid what they are owed under Colorado law in terms of fees. And why isn't that line was just as naturally meant to say this is what we're giving you in applicable fees. I mean, their total loss explanation document says this is what we're gonna give you. And I mean, if you look at the Colorado cases, what they say that when when the individual says here is not what I'm gonna give you. This is what I'm gonna pay you on this claim, and they can specify it or not. But they indicate these are this is what you're gonna get. And then you cash the check that they give you that that's an accord and satisfaction that they presented to you what the compromise is. And that's the principle of an accord. It's saying this is this there's a dispute. Here's what I'm gonna give you. And as in in the applicable fees category, this is what I'm giving you. And then you take it. Well, Your Honor, I do believe it's misleading to present it that way. In other words, let me put it differently. If the insured says this payment is for title and registration fees, then the insured knows exactly what is being negotiated. And we cited a number of cases that say there has to be a meeting of the minds, and both both sides has to be apprised of the facts, which which I think is the situation in a number of the cases where an accord and satisfaction defense is upheld. And it is an affirmative defense where the defendant has the burden. And and and I think in this particular instance, if they say title and registration fees, I think it's a different case. And I think that's one of the reasons that this these these facts in this particular case are very compelling as to why there can't be an accord and satisfaction. So you're saying that if they said title and registration fees and your clients would have been on notice that they weren't getting the full amount for their title and the amount that's included on that line was not equal to the full amount? Is that what you're saying? They paid, you know, significantly more entitled registration fees than what's on the line. But because of the vague description that I think is an omission under these circumstances, I think they weren't alerted to fact that to the fact that they were owed full title and registration fees. Well, that they were owed. That goes back to Judge Bacharach's earlier conversation about the fact whether they had a right to knowledge of the law. I mean, they're presumed to know what the law is, whether they're owed it or not, right? Well, I think you've got a situation where the statute mandates the insurer to pay these fees. It doesn't ensure though. And in fact, in the same statute in the in the second and sub part two, it requires the insurer to make a disclosure. So right in the same statute, there's a disclosure obligation. It is not in the in this section that you're that we're relying on here, right? In response to that, Your Honor, I do believe even if an explicit disclosure is not required, there's no way to comply with the statute unless there is some sort of effort by the insurer to collect the necessary information to handle the claim. And I do believe they have a duty to do that under Colorado law. Your honors, I just also I'm running low on time. I just wanted to point out there also were notice problems with this with this process issuing an order to show cause a shorter time than the summary judgment statute provides for any kind of submission by the party opposing summary judgment. There was no reference to summary judgment, no reference to material facts disputed or not. And I and the plaintiffs were prejudiced by that. And talk about prejudice for a second. What would you have done that you were not given an opportunity to do by virtue of the way this was this played out? What evidence would you have introduced? Your Honor, I do believe that the time periods are there for a reason, and it's to give parties time to prepare their arguments and evidence. There are additional communications between the appellants and Geico, and I think there is delay in responding to the efforts of Mr. Pierce. Mr. McCray. Once he realizes there's this statute, there's delay, and then there's also a sort of coercion that you need to get come and get this check now, and they never respond to his request where he says I'm excluding the 1046391 fees from this payment. I'm gonna reserve the right to respond to, uh, the, uh, appellees argument. Thank you. Sure. Yeah. Good morning, Your Honors. May it please the court. My name is Kimberly Coaches. I'm a partner at Evershed Sutherland, and I am arguing here today on behalf of defendant Appali Geico Casualty. As the district court correctly found and your honor noted, this is a situation where Geico explained to plaintiffs what they were going to get, and the plaintiffs accepted that these are the exact type of situations where the doctrine of accord and satisfaction bars the claim. The facts of this case are not in dispute. This case involves two total loss insurance claims submitted by plaintiffs to Geico, and then, with respect to both claims, plaintiffs and Geico heavily negotiated these claims in protracted negotiations. This wasn't a take it or leave it approach to final total loss settlement explanation letter and form that contained an itemized breakdown of the settlement payments for each claim. Could I just stop you for a quick second there to ask a couple of factual questions? Was there a dispute regarding the 2010 total loss settlement explanation? In other words, I understand the record to show that there was some dispute regarding the 2007 Lexus settlement. Am I right on that? There were multiple disputes with respect to both claims, both about the valuation of the claim, the amount of fees that were going to be paid as part of the claim. These plaintiffs were very sophisticated insured and submitted a lot of documentation and information with respect to both their claims and negotiated the settlements. Okay, and so the record which provide information on the 2010 Lexus as well. The record has information with respect to both claims. That's that's correct. And does the record tell us when Geico tendered the checks for these claims and when the checks were cashed? Um, I don't believe the record has. I'd have to check the maybe in the claim notes, but I don't believe the record has a precise indication of the date that the claim the checks were cashed or that the checks were issued. But capillaries do not dispute that Geico issued payments in the amounts of the settlement forms and that those payments were cashed. So that is right. That is not an issue that's in dispute. I have a factual question, too. I'm a little bit confused about what Geico paid, particularly on title and registration fees on the second claim. It seems that the settlement documents that you sent indicated it was 2650 on both claims. But then I saw something in your brief and some argument about the fact that maybe you did actually pay the full amount with respect to plaintiff's first. Well, it's a little confusing, but with respect to plaintiff's first claim, Geico actually paid 106 dollars and 50 cents in state and local regulatory fees, and that was a negotiated amount. And then with respect to the second claim, when plaintiffs were aware of the statute of issue, when they were negotiating the claim, Geico paid 26 dollars and 50 cents. And your position on that hasn't changed? That's been your position all along? Yes. Yes. And the discovery closed in this case well before the order to show cause was issued by the court relating to the MESHEC decision. So this isn't a fact uncovered or any additional facts uncovered because the record's closed at this point and has been closed for some time. Did you have summary judgment motions due? We did have a schedule for summary judgment briefing. At the time that the court issued its order to show cause, class certification was fully briefed and a decision was, we were awaiting a decision on certification, and then summary judgment would have, summary judgment briefing was going to occur after certification. And you raised accord and satisfaction, I believe, as an affirmative defense, correct? We did, correct. Geico asserted accord and satisfaction. You would have had to brief that. Had the district court not raised at the time that she did, you would have needed to raise that then in your summary judgment. That's correct. Okay. Yes. Plaintiff's primary argument against the application of accord and satisfaction is that there was no meeting of the minds between the parties because plaintiffs did not know that, with respect to at least one of their claims, they were entitled to additional fees under a Colorado statute, or that Geico should have provided specific information about the Colorado statute at issue. But as your honors have noted, ignorance of the law does not bar any application of accord and satisfaction. Ms. Coates, do you also acknowledge, though, that even though Geico may not have had an obligation to speak, once it initiates some communication, you can't tell a half-truth, right? That's right, your honor. And here there was no half-truth. Well, that's the issue on the any applicable fee. So let me ask you this, Ms. Coates. So let's say Geico had said, this check you mentioned is an itemization, and this is for any applicable obligations pursuant to your coverage. Would there be a genuine issue of material fact in that instance on whether or not there was fraud, fraudulent inducement? Well, if I understand your honor correctly, you're saying that basically if the insurer took a take-it-or-leave-it approach and just issued a check? No, I'm saying the phrase here was any applicable fees that Pearson disputes and says that was misleading. So I'm asking you if they had used a somewhat different phrase and said any applicable obligations in connection with your coverages. Would that have been misleading? Now, Mr. Pearson, Mr. Fields is arguing that any applicable fees is misleading. I'm asking you if my phrase would be misleading. I would really depend on the situation of the claim as to whether or not that would be misleading, but here applicable fees is certainly not misleading given that there's absolutely no requirement under the statute or otherwise that GEICO even disclosed that it is including fees as part of the total loss settlement. So here what we have is GEICO disclosing that in fact it is including the applicable fees. It's doing that both in the cover letter and it's also giving an itemized breakdown that specifically states state and local regulatory fees and includes the amount that GEICO is paying. So here GEICO went above and Mr. Fields characterized it as vague and so if it's vague and we have the prism of summary judgment, couldn't a reasonable fact finder reasonably infer that any applicable fees refers to any fees that were applicable under Colorado law? Your honor, I just don't think that that's applicable to the doctrine of accord and satisfaction. If you look at this court's decision in Mishek and McCracken, what you see is you see that the court found that even in those situations where at the time of the settlement the insured thought that it was receiving the appropriate amount but the law was clarified after the fact to clearly demonstrate that the insured should have been entitled more, even in that scenario the doctrine of accord and satisfaction was found to apply and that is much more egregious than a situation here where the question is not whether or not we disclose but whether or not we paid the correct amount. Plaintiffs also argue that respect to one of their claims they conditioned acceptance of the settlement payment on the exclusion of fees but that does not also bar the application of accord and satisfaction and similarly the fact that there was no explicit release in this case or specific release language that likewise does not bar the application of accord and satisfaction in this case. As this court found in McCracken and furthered in Mishek, public policy supports the application of accord and satisfaction in this type of scenario. GEICO is not asking for a per se ban or per se rule or blanket rule that every time an insured cashes a check accord and satisfaction applies. What GEICO is arguing is that under the facts of this specific case accord and satisfaction bars plaintiffs claims. And can I clarify you said that if I understood you correctly earlier you said that here the issue of disclosure is not in question and and and perhaps I just missed this in going through the materials did GEICO affirmatively disclose the amount that they would have been entitled to under the statute? GEICO affirmatively disclosed the fact that they were paying state and local regulatory fees as part of the total loss settlement. And they and they disclose what well they disclose how much they were going to pay correct state and regulatory fees but they did not say you're entitled to X amount in state and regulatory fees as a matter of statute and this is what we're going to pay. Well GEICO believes that what it paid is the amount that it was required to pay under the statute which is why GEICO paid that amount but yes GEICO did disclose the fact that it was paying certain fees and there's no obligation in the statute for GEICO to use specific language or words to indicate that there's a statute. So in GEICO's view what it paid on on that line item was what it statutorily was obliged to pay? That's correct your honor that's correct. Is that what is that I'm sorry to keep you know so much your time but you know just ask this and shut up but was was that what GEICO intended by the phrase any applicable fees? That's right any applicable fees under the law or statutes any any applicable fees that were required under Colorado law or legislature? If that's the case then what's wrong with Mr. Fields's argument his old argument or part of his argument is any applicable fees implied that they were complying with Colorado statutory obligations you say it was it was equal he says it wasn't if he's right that it's that it wasn't in compliance with did your answer to Judge Holmes just vitiate any argument that that there was a meeting of the minds it seems to be that that if they implied something and that and he's able to prove that what they implied is not true and that that's a half truth. Absolutely not what we're talking about here is what you're getting at is the merits whether or not GEICO paid enough under the statute in state and local regulatory fees but that's not what the issue is before the court what the issue is before the court is whether the doctrine of accord and satisfaction applies and here there are sufficient acts and declarations looking at the claim in its totality to illustrate that the plaintiffs understood that what GEICO was prepared to give them in settlement of the claim then they accepted that settlement and they cashed the check. And that's what I want to understand I mean what I understood coming in and I'm glad for the is that GEICO was saying this is what we're prepared to pay now that can be quite different from this is what we are legally obligated to pay and I thought the whole doctrine of accord and satisfaction is based upon in essence a settlement saying this is what we're going to give you for a disputed amount what I hear you saying now is under GEICO's view that what was on that line item was all they would ever be legally entitled to get anyway is that their position what your honor just to set back to with respect to there's two claims at issue here and respect to one of the claims we paid more than the other claim in fees so this is something that is negotiated and was negotiated with plaintiffs and then with respect to the second claim we offered and did pay a certain amount for those fees and respect to that second claim plaintiffs did submit information about their title and registration fees and actually they had retained counsel and there was a lot of back-and-forth about the amount of fees that GEICO was willing to pay and what GEICO did was it showed plaintiff in the settlement explanation form what it was willing to pay in full settlement of the total loss claim okay well saying willing to pay is different than saying objectively they were not entitled to any more I mean the under the law I mean the willing to pay is congruent with the court and that this line item objectively as a matter of law they weren't entitled to get anything more it's a different animal I mean at least it seems to me it is and so which one is it are you saying so are you saying that these in both instances these were negotiated amounts part of a negotiated package and this is what GEICO said this is what we're willing to pay irrespective of whether you could have gotten more or not that's not the point this is what we're willing to pay that's absolutely right your honor and and that's demonstrated by the fact that we paid a different amount with respect to both claims so yes absolutely plaintiffs asked for more and this is what we were willing to pay and that was the 2650 for the second claim that was the 2650 for the first claim it was a hundred and six dollars that's good for the second claim there were there you said there was documentation actually submitted relative to that claim right that that's correct plaintiffs were aware of the statute and asked for additional amounts okay yes there was these were very protracted negotiations heavily negotiated by plaintiffs and that's what makes the facts of this claim so unique that's why this wouldn't have any sort of a chilling fact or anything else this is these facts are very specific to these two claims and the doctrine of accord and satisfaction applies with respect to these two claims thank you your honor we ask that the district courts opinion be discussed thank you have a little time left mr. Fields thank you just would like to briefly address a couple of issues it it is definitely a disputed fact as to whether or not Geico paid 2650 or 106 50 for the second total for one of the total loss vehicles they admitted in discovery they paid only 26 50 then in response to the order to show cause they submitted something saying they paid 106 50 the plaintiff said they got paid 2650 that's a disputed fact and it precludes summary judgment also a police counsel referred to these these insurance as sophisticated insurance during the first vehicle loss claims handling they had no idea about this statute and that plays into the public policy argument here if if this according satisfaction affirmative defense is upheld any insurer could put $1 for state and regulatory fees on a total loss settlement explanation and no insureds in Colorado would get what they are owed under the mandates of 10 4 6 3 9 1 and why would that be a problem as long as this was a negotiated agreement as long if they put $1 and and and the statute does not require a disclosure as long as they put $1 and they said this is what we're gonna give you for fees. Why is that a public policy problem when the statute doesn't require the Geico to disclose the amount? The statutory purpose would be entirely defeated. Insurance are supposed to be made whole on a total vehicle loss in terms of title and registration fees, and they wouldn't be. Um, Mishek and McCracken are totally distinguishable. There you have parties that are settling claims under existing law, and they're trying to come in after the fact and undo settlement agreements after the law has changed. Those those cases don't have any import here. Um, and and I think one other thing came up during Council's argument. This was premature. Wrap it up. This was premature. This this can't be determined without some some insight into the merits of the claims for for for the court to issue summary judgment. Sue Esponte in response to an order to show cause where there was no mention of disputed material facts. It was no mention of summary judgment, and there's numerous unresolved issues that need to be dealt with. Content. Reversal is clearly warranted here. All right. Well, thank you, Council. Free arguments. Cases submitted. Thank you.